Maynard C. Schaus, Esq. Town Attorney, North Collins
You have asked whether one person may hold simultaneously the positions of town councilperson and clerk of the town justice court.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
The town board is the legislative and administrative arm of town government and in that role is responsible for the hiring of employees and the adoption of the budget including compensation to be paid to employees. Under section 109 of the Uniform Justice Court Act the governing body of a municipality may establish non-judicial positions for a justice court. The establishment of the position of clerk, deputy clerk or other employment positions for the justice court is left entirely to the discretion of the local governing board (Siegel, Practice Commentary McKinney's Uniform Justice Court Act, § 109
[Supplement]). Thus, if a municipality desires to hire a clerk or other non-judicial employees, it may do so and is responsible for determining the compensation to be paid to such employees (ibid.).
Thus, it appears that the positions of clerk to the justice court and member of the town board are incompatible, since one position is subordinate to the other (see Op Atty Gen [Inf] 81-55). In his status as town board member, the individual would be responsible for establishing his own compensation as clerk of the justice court and generally would be responsible for supervising himself.
We have also concluded, however, that under certain circumstances, a town board in determining public policy on behalf of the town may supersede the common law doctrine of compatibility of office (Op Atty Gen [Inf] 83-50). For example, in a small municipality there may be too few residents willing to serve the government or there may be few persons possessing the required expertise. In these situations, the town board may find it necessary, in furthering the public interest, to establish exceptions to the common law rule of compatability of office.
We conclude that as a general rule one person may not hold simultaneously the positions of town councilperson and clerk to the town justice court. However, under certain circumstances in furthering the public interest, the town board by local law may establish exceptions to the common rule of compatibility of office.